**Fill in this information to identify the case:**

Debtor 1 _William Haymore Brammer, Jr._

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: District of Columbia (Washington, D.C.)

Case number  16-00642

---

Official Form 410S1

# Notice of Mortgage Payment Change

12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as trustee of the Residential Credit Opportunities Trust Series 2015-1

**Court claim no.** (if known): _____

**Last 4 digits** of any number you use to identify the debtor's account: 5764

**Date of payment change:** 02/01/2017
Must be at least 21 days after date of this notice

**New total payment:** $ 4,401.53
Principal, interest, and escrow, if any

## Part 1: Escrow Account Payment Adjustment

1. **Will there be a change in the debtor's escrow account payment?**

   ☐ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

   **Current escrow payment:** $ _____    **New escrow payment:** $ _____

## Part 2: Mortgage Payment Adjustment

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

   ☐ No
   ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

   **Current interest rate:** _____%    **New interest rate:** _____%

   **Current principal and interest payment:** $ _____    **New principal and interest payment:** $ _____

## Part 3: Other Payment Change

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

   ☐ No
   ☑ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
   (*Court approval may be required before the payment change can take effect.*)

   **Reason for change:** Loan Modification

   **Current mortgage payment:** $ 4,153.51    **New mortgage payment:** $ 4,401.53

---

Official Form 410S1                **Notice of Mortgage Payment Change**                page 1

| Debtor 1 | William Haymore Brammer, Jr. | Case number (*if known*) 16-00642 |
|---|---|---|
| | First Name  Middle Name  Last Name | |

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✖ /s/ Mark D. Meyer, Esquire
Signature

Date 01/24/2017

Print: Mark D Meyer
First Name   Middle Name   Last Name

Title: Attorney for Creditor

Company: Rosenberg & Associates, LLC

Address: 4340 East West Highway, Suite 600
Number   Street

Bethesda   MD   20814
City   State   ZIP Code

Contact phone: 301-907-8000

Email: bankruptcy@rosenberg-assoc.com

Prepared by and Return to:

Rosenberg & Associates, LLC
8601 Westwood Center Drive Suite 255
Vienna, Virginia 22182

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this ____ day of February, 2016, between William H. Brammer, Jr. ("Borrower") and Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as trustee of the Residential Credit Opportunities Trust Series 2015-1 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated February 7, 2007 and recorded at Instrument Number 2008074285 with the District of Columbia Recorder of Deeds of and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

107 7th Street, SE, Washington, D.C. 20003

the real property described being set forth as follows:

> All that certain property situated in City of Washington in the County of District of Columbia and State of DC and being described in a Deed dated 06/01/2005 and recorded 07/07/2005 as Instrument Number 93636 among the Land Records of the County and State set forth above and referenced as follows:
>
> Lot Numbered 0104 in Square Numbered 0870 in a Subdivision made by John R. Ferris as per plat recorded in Liber 44 at Folio 117 in the Office of the Surveyor for the District of Columbia Parcel No. 0870/0104.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of October 1, 2015, the amount payable under the Note and the Security Instrument (the "Unpaid Balance") was U.S. $1,524,626.48, consisting of an unpaid principal balance of U.S. $840,000.00 loaned to Borrower by Lender, or its predecessor(s) in interest, plus interest and other amounts due.

2. Upon execution of this Agreement, the unpaid principal balance due under the Note and the Security Instrument will be U.S. $870,000.00 ("New Principal Balance") and shall accrue interest and be paid in accordance with the terms hereunder. The remaining $654,626.48 ("Deferred Balance") of the Unpaid Balance shall not accrue interest.

3. Borrower promises to pay the New Principal Balance, plus interest, to the order of Lender. Interest will be charged and monthly payments will be made on the New Principal Balance beginning February 1, 2016 until all principal and interest are paid in full, and in accordance with the following schedule:

| Interest Rate | From | To | Number of Monthly Payments | Payment Amount |
|---|---|---|---|---|
| 4.00% | February 1, 2016 | January 31, 2017 | 12 | $4,153.51 |
| 4.50% | February 1, 2017 | July 31, 2017 | 6 | $4,401.53 |
| 5.00% | August 1, 2017 | January 31, 2046 | 342 | $4,653.48 |

If on February 1, 2046 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

4. Lender promises to deem the Deferred Balance as satisfied in accordance with the following terms: upon Lender's receipt of Borrower's twelfth (12th) consecutive, timely submission of the aforementioned monthly payments due under this Agreement, Lender shall deem one-third (1/3rd) of the Deferred Balance in the amount of $218,209.83 as satisfied. For each successive twelve (12) timely payments, Lender shall deem satisfied an additional one-third (1/3rd) of the Deferred Balance in the amount of $218,209.83 until the Deferred Balance is satisfied in full, but not earlier than the thirty-sixth (36th) payment due hereunder.

5. In the event that Borrower sells the Property or obtains a refinance loan prior to satisfaction of the Deferred Balance, Borrower agrees to pay and Lender agrees to accept the lesser of: (1) the full amount due under the Note and the Security Instrument, including but not limited to the outstanding principal balance, any accrued interest, other charges and the remaining unsatisfied Deferred Balance; or (2) the value of the Property at the time of sale or refinance and as determined by an independent appraiser mutually selected by the Lender and Borrower.

6. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Note and the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

7. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date of this Agreement:

    (a)    all terms and provisions of the Note and Security Instrument that are in conflict with Paragraph 3 of this Agreement providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

8. Borrower understands and agrees that:

    (a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder, except as supplemented by the parties' separate Settlement and Confidentiality Agreement.

    (b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is

        presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)     Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)     All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)     Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)     Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

William H. Brammer, Jr.

*[signature]*

State of _DISTRICT OF_
County of _COLUMBIA_

    Before me, _MARY F. VINCENT_, the undersigned officer, on this, the _1_ day of _APRIL_, 2016, personally appeared William H. Brammer, Jr., (check one) ___ known to me, or _✓_ through the production of _Wash. DC driver license_ as identification, acknowledged that he had executed the foregoing instrument as the act for the purpose and consideration described and in the capacity stated.

*[signature: Mary F. Vincent]*
Print Name: _MARY F VINCENT_
Notary Public, State of _DISTRICT OF COLUMBIA_
Commission No.: _____
My Commission Expires: _03-31-2018_

[REMAINING SIGNATURE ON FOLLOWING PAGE]

*[Notary seal: MARY F. VINCENT, NOTARY PUBLIC, DISTRICT OF COLUMBIA, EXP. 3-31-2018]*

Page 3 of 4

Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust
as trustee of the Residential Credit Opportunities Trust Series 2015-1

Signature: _____

Printed Name: _____Ron McMahan_____

Title: _____Administrator_____

State of _____California_____
County of _____Orange_____

Before me, _____Tauane Horton_____, the undersigned officer, on this, the ____
day of _____April 13_____, 2016, personally appeared _____Ron Mc Mahan_____,
(check one) ✓ known to me, or ____ through the production of _____ as identification,
who identified her/himself to be the _____Administrator_____ of Wilmington Savings Fund Society, FSB,
D/B/A Christiana Trust as trustee of the Residential Credit Opportunities Trust Series 2015-1, the person and officer
whose name is subscribed to the foregoing instrument, and being authorized to do so, acknowledged that (s)he had
executed the foregoing instrument as the act of such corporation for the purpose and consideration described and in
the capacity stated.

**TAUANE HORTON**
COMM. #2061657
Notary Public - California
Orange County
My Comm. Expires Mar. 20, 2018

Print Name: _____Tauane Horton_____
Notary Public, State of _____California_____
Commission No.: _____2061657_____
My Commission Expires: _____March 20, 2018_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA
District of Columbia**

| | |
|---|---|
| IN RE:<br><br>WILLIAM H. BRAMMER, JR.<br><br>  Debtors | Case No. 16-00642-SMT<br>Chapter 13 |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES 2015-1<br><br>Movant<br>v.<br><br>WILLIAM H. BRAMMER, JR.<br>HEILI KIM<br><br>  Respondents | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of January, 2017, the Notice of payment Change was mailed, first class mail, postage prepaid, upon the following who were not served via CM/ECF:

Heili Kim
107 7th Street, SE
Washington, DC 20003

William H. Brammer, Jr.
107 7th Street, SE
Washington, DC 20003

Nancy Spencer Grigsby, Trustee
185 Admiral Cochrane Drive, Suite 240
Annapolis, MD 21401
(served via CM/ECF)

Respectfully Submitted,

/s/ Mark D. Meyer, Esq.
Mark D. Meyer, Esq.
Bar # 475552
Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

Rosenberg &
Associates, LLC
4340 East West
Highway, Suite 600
Bethesda, MD 20814

FILE NUMBER: 59218