33

Prepared by and Return to:

Rosenberg & Associates, LLC
8601 Westwood Center Drive Suite 255
Vienna, Virginia 22182

2016039297-5

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this _____ day of February, 2016, between William H. Brammer, Jr. ("Borrower") and Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as trustee of the Residential Credit Opportunities Trust Series 2015-1 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated February 7, 2007 and recorded at Instrument Number 2008074285 with the District of Columbia Recorder of Deeds of and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

107 7ᵗʰ Street, SE, Washington, D.C. 20003 .

the real property described being set forth as follows:

All that certain property situated in City of Washington in the County of District of Columbia and State of DC and being described in a Deed dated 06/01/2005 and recorded 07/07/2005 as Instrument Number 93636 among the Land Records of the County and State set forth above and referenced as follows:

Lot Numbered 0104 in Square Numbered 0870 in a Subdivision made by John R. Ferris as per plat recorded in Liber 44 at Folio 117 in the Office of the Surveyor for the District of Columbia Parcel No. 0870/0104.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of October 1, 2015, the amount payable under the Note and the Security Instrument (the "Unpaid Balance") was U.S. $1,524,626.48, consisting of an unpaid principal balance of U.S. $840,000.00 loaned to Borrower by Lender, or its predecessor(s) in interest, plus interest and other amounts due.

2. Upon execution of this Agreement, the unpaid principal balance due under the Note and the Security Instrument will be U.S. $870,000.00 ("New Principal Balance") and shall accrue interest and be paid in accordance with the terms hereunder. The remaining $654,626.48 ("Deferred Balance") of the Unpaid Balance shall not accrue interest.

3. Borrower promises to pay the New Principal Balance, plus interest, to the order of Lender. Interest will be charged and monthly payments will be made on the New Principal Balance beginning February 1, 2016 until all principal and interest are paid in full, and in accordance with the following schedule:

| Interest Rate | From | To | Number of Monthly Payments | Payment Amount |
|---|---|---|---|---|
| 4.00% | February 1, 2016 | January 31, 2017 | 12 | $4,153.51 |
| 4.50% | February 1, 2017 | July 31, 2017 | 6 | $4,401.53 |
| 5.00% | August 1, 2017 | January 31, 2046 | 342 | $4,653.48 |



If on February 1, 2046 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

4.  Lender promises to deem the Deferred Balance as satisfied in accordance with the following terms: upon Lender's receipt of Borrower's twelfth (12th) consecutive, timely submission of the aforementioned monthly payments due under this Agreement, Lender shall deem one-third (1/3rd) of the Deferred Balance in the amount of $218,209.83 as satisfied.  For each successive twelve (12) timely payments, Lender shall deem satisfied an additional one-third (1/3rd) of the Deferred Balance in the amount of $218,209.83 until the Deferred Balance is satisfied in full, but not earlier than the thirty-sixth (36th) payment due hereunder.

5.  In the event that Borrower sells the Property or obtains a refinance loan  prior to satisfaction of the Deferred Balance, Borrower agrees to pay and Lender agrees to accept the lesser of: (1) the full amount due under the Note and the Security Instrument, including but not limited to the outstanding principal balance, any accrued interest, other charges and the remaining unsatisfied Deferred Balance; or (2) the value of the Property at the time of sale or refinance and as determined by an independent appraiser mutually selected by the Lender and Borrower.

6.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Note and the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

7.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date of this Agreement:

    (a)  all terms and provisions of the Note and Security Instrument that are in conflict with Paragraph 3 of this Agreement providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

8.  Borrower understands and agrees that:

    (a)  All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder, except as supplemented by the parties' separate Settlement and Confidentiality Agreement.

    (b)  All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law.  Also, all rights of recourse to which Lender is

35

presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)  Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)  All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)  Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)  Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

William H. Brammer, Jr.

State of ___DISTRICT  OF___
County of ___COLUMBIA___

Before me, ___MARY  F, VINCENT___, the undersigned officer, on this, the __1__ day of ___APRIL___, 2016, personally appeared William H. Brammer, Jr., (check one) ____ known to me, or __✓__ through the production of ___NA + DC drivers license___ as identification, acknowledged that he had executed the foregoing instrument as the act for the purpose and consideration described and in the capacity stated.

_Mary F. Vincent_
Print Name: __MARY F VINCENT__
Notary Public, State of ___DISTRICT OF COLUMBIA___
Commission No.: _____
My Commission Expires: __05-31-2018__



[REMAINING SIGNATURE ON FOLLOWING PAGE]

36

Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust
as trustee of the Residential Credit Opportunities Trust Series 2015-1

Signature: _____

Printed Name: _____ Ron McManahan _____

Title: _____ Administrator _____

State of _____ California _____
County of _____ Orange _____

    Before me, _____ Tauane Horton _____, the undersigned officer, on this, the _____
day of _____ Apri 13 _____, 2016, personally appeared _____ Ron McMahon _____,
(check one) ✓ known to me, or _____ through the production of _____ as identification,
who identified her/himself to be the _____ Administrator _____ of Wilmington Savings Fund Society, FSB,
D/B/A Christiana Trust as trustee of the Residential Credit Opportunities Trust Series 2015-1, the person and officer
whose name is subscribed to the foregoing instrument, and being authorized to do so, acknowledged that (s)he had
executed the foregoing instrument as the act of such corporation for the purpose and consideration described and in
the capacity stated.

TAUANE MORTON
COMM. #2061657
Notary Public - California
Orange County
My Comm. Expires Mar. 20, 2018

Print Name: _____ Tauane Horton _____
Notary Public, State of _____ California _____
Commission No.: _____ 2061657 _____
My Commission Expires: _____ March 20, 2018 _____

★ ★ ★

**Government of the
District of Columbia**
Office of Tax
and Revenue
Recorder of Deeds
1101 4th Street, SW
Washington, DC 20024
Phone (202)727-5374

## SECURITY AFFIDAVIT — CLASS 1

| 0870 | | 0104 |
|---|---|---|
| **Square** | **Suffix** | **Lot** |

I, (We) William H. Brammer, Jr. _____ the owner(s) of the real property described within certify, subject to criminal penalties for making false statements pursuant to section 22-2405 of the District of Columbia Official Code, that the real property described within is Class 1 Property, as that class of property was established pursuant to section 47-813(c-4), with 5 or fewer units:

_____
Signature

_____
Signature

Subscribed and sworn to me before this  1  day of  april , 2016 .

Mary J. Vincent
Notary Public

Doc #: 2016039297 Fees: $156.50
04/21/2016 12:24 PM  Pages: 5
Filed and Recorded in Official Records of
WASH DC RECORDER OF DEEDS IDA WILLIAMS

RECORDING FEES        $150.00
SURCHARGE             $6.50

My Commission Expires: 03 / 31 / 2018
mmddyyyy

