IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 16-00642 |
| | ) | |
| William Haymore Brammer, Jr., | ) | Chapter 13 |
| Debtor | ) | |
| | ) | Judge S. Martin Teel, Jr. |
| | ) | |

**DEBTOR'S OBJECTION TO CREDITOR WILMINGTON TRUST SAVINGS SOCIETY'S MOTION FOR RELIEF OF AUTOMATIC STAY**

Debtor William H. Brammer, Jr., by and through counsel Charles M. Maynard, Esquire respectfully opposes Creditor Wilmington Savings Fund Society's (Wilmington) Motion for Relief of Stay as follows:

1. That despite the corrected Certificate of Service filed by Creditor Wilmington asserting that they served the instant motion by first class mail on February 21, 2017 on both Debtor and his attorney, neither Debtor William H. Brammer nor his attorney Charles Maynard received such service by mail as required.  See Docket Entry 43.  Debtor retrieved a copy of the instant motion via PACER after reviewing the docket for activity and did not receive service by mail as contended.

2. That Debtor Admits to Creditor Allegations 1-4 in its motion.

3. That with respect to Creditors Allegation ¶ 5, the deed of trust held by the Movant was modified via a mortgage modification reached April 13, 2016, between the parties.  See Exhibit A.

4. That Debtor Objects to Creditor's allegation ¶ 6 of its motion.  Pursuant to the modification reached, $654, 629.49 was held in deferred, is unsecured, and to be forgiven

while a secure value of $870,000.00 was reached in the modification[1]. Pursuant to the modification, that Debtor's arrearage owed at the time of filing the instant action as reported by Debtor in his Schedule D[2] filed therefore Debtor objects to the amount cited by Creditor.

5. Moreover, the settlement agreement entered into between the Debtor and Creditor provides for redemption of the modified loan on the basis of remitting payments owed as opposed to the inclusion of the suspended amount. See ¶ 1 of Settlement Agreement, Debtor Exhibit B.

6. With respect to Creditor's allegation at ¶ 7, Movant did not provide a notice of acceleration for the entire amount to Debtor, but rather provided an initial and a subsequent notice to cure as provided by the Settlement Agreement reached. See Debtors Exhibits C and D.   Creditor did not accelerate the entire amount due in either notice served, but rather followed the provisions of the modification and settlement agreements reached by citing the amounts to cure the instrument pursuant to the combined provisions of the modification and settlement agreement.

7. With respect to Creditor's allegation at ¶ 8, Debtor objects.  Debtor made post petition payment for February that was received and processed by Movant Creditors mortgage processor, FCI Lending Services, on February 16, 2017.  See Exhibit E. Pursuant to the Note, mortgage payments are not deemed late until after the 16th day of each month.  In addition, Debtor filed a motion to Extend Time on December 28, 2016, which was

---

[1] The tax assessed value of the subject property by DC Tax and Revenue is $822,770.00.

[2] See also Debtor's Exhibit E providing payments made prior to the instant case before this court and not accounted in the Creditor's claimed amounts owed.

granted by this court on December 30, 2016, extending time to January 27, 2017. As a result, the first post petition payment due was that for February 2017. Post petition payment for March will be received by the Creditor's mortgage processing agent, FCI Lending Services, on or before March 16, 2017.

8. With regard to Movant Creditor's allegation at ¶ 9, Debtor denies that Movant lacks adequate protection of interest in the subject property, particularly in light of the chapter 13 plan presented by Debtor in conjunction with the provisions of the Mortgage Modification and prior Settlement Agreements reached. See Exhibits A and B infra.

9. Debtor denies and objects to Movant's allegation at ¶ 10.

10. Debtor denies and objects Movant's allegation at ¶11 that cause exists to lift the automatic stay imposed by Section 362 of the Bankruptcy Code. Debtor has made and continues to make plan payments to the Trustee as well as post-petition payments to the Movant Creditor.

**WHEREFORE**, Debtor request that this Court (1) deny Movant's motion for relief of automatic stay and (2) grant other such relief as just and proper.

Date: March 7, 2017                                Respectfully Submitted

                                                                     _____/s/_____
Charles M. Maynard, Esq.
**LAW OFFICE OF CHARLES M. MAYNARD**
200-A Monroe Street, Suite #115
Rockville, MD 20850
301-294-6003
301-294-6004 FAX

*Counsel for Debtor*

3

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a copy of the foregoing Objection to Motion for Relief of Stay was sent on the 7th day of March, 2017 by mail to the following to the extent that they were not served electronically via the CM/ECF system.

Nancy Spencer Grigsby
Chapter 13 Trustee
185 Admiral Cochrane Drive, #240
Annapolis, MD 21401

Mark D. Meyer, Esq.
Rosenberg & Associates
4340 East West Highway, Suite #600
Bethesda, MD 20814
*Counsel for Creditor Wilmington Savings Trust*

William H. Brammer
107 7th Street, SE
Washington, DC 20003

_____/s/_____
Charles M. Maynard, Esq.

5