IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 16-642 |
| | ) | |
| WILLIAM HAYMORE BRAMMER, JR., | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO CONFIRMATION OF PLAN**

The UNITED STATES OF AMERICA, creditor, hereby objects to confirmation of Debtor's Chapter 13 Plan because it does not comply with the requirements of the United States Bankruptcy Code ("Code"), 11 U.S.C. § 101, *et seq*. Specifically, the plan does not provide for the United States' priority claim, nor does it properly provide for the United States' secured claim as required by Sections 1322 and 1325 of the Code. 11 U.S.C. §§ 1322, 1325. Furthermore, Debtor has failed to file federal tax returns for taxable years 2011 through 2015 in clear violation of Section 1308 of the Code. 11 U.S.C. § 1308(a). Consequently, this Court should deny conformation of Debtor's plan.

**BACKGROUND**

1. Debtor William Haymore Brammer, Jr. filed a petition for Chapter 13 bankruptcy on December 15, 2016. Dkt. No. 1. The Internal Revenue Service ("Service") filed a proof of claim on behalf of the United States of America, creditor, on February 8, 2017. Claim No. 1-1. That claim consists of (1) a secured claim in the total amount of $7,608.80, (2) an unsecured priority claim in the total amount of $41,212.96, and (3) an unsecured general claim in the total amount of $4,054.15. Id.

2. On February 8, 2017, Debtor filed a Chapter 13 plan that proposes a total minimum funding of $28,000.00. Dkt. No. 30. The plan does not propose to make any disbursements

towards the United States' priority claims.  Id.  In addition, although the plan states that all allowed, secured claims shall be paid in full, the plan does not provide that the United States will retain its lien until full payment of the underlying debt or discharge under Section 1328.  Id.

## ARGUMENT

3. This Court should deny confirmation of Debtor's Chapter 13 plan because it does not provide for full payment of the United States' priority claim, it does not properly provide for the United States' secured claim, and Debtor has failed to satisfy the filing requirements set forth in the Code.

4. First, Debtor is required to "provide the full payment . . . of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim."  11 U.S.C. §1322(a)(2).  The United States has a priority tax claim of $41,212.96, and it has not agreed to a different treatment of its claim.  Debtor's plan, which does not propose to make any disbursements towards the United States' priority claim, is thus in clear violation of the Code.  Moreover, the plan is insufficiently funded insofar as the proposed minimum plan funding of $28,000.00 covers barely half of the United States' priority claim.

5. Second, a bankruptcy plan may be confirmed only if it meets one of three requirements with respect to the United States' secured claim: (1) the United States accepts the plan; (2) the plan allows the United States to retain its lien until the earlier of either discharge or payment of the debt under non-bankruptcy law; or (3) Debtor surrenders the property securing the United States' claim.  11 U.S.C. § 1325(a)(5)(B).  A plan may also be confirmed if the value of the property to be distributed under the plan on account of such claim "is not less than the allowed amount of such claim."  Id.

6. The United States has not accepted the plan, the plan does not allow the United States to retain its lien until the earlier of payment of the liability or discharge under Section 1328, and Debtor has not surrendered the property securing the United States' claim. In addition, although the plan states generally that all allowed secured claims will be paid in full, as noted above, the plan is currently insufficiently funded to meet that requirement.

7. Finally, pursuant to § 1308(a), no later than the date of the first scheduled meeting between the creditors, Debtor is required to file a tax return "for all taxable periods ending during the 4-year period ending on the date of the filing of the petition". 11 U.S.C. § 1308. The 341 meeting in this case was held and concluded on February 10, 2017. Dkt. No. 36. Yet, as of the filing of this Objection, Debtor has not filed a federal tax return for tax years 2011 through 2015. Indeed, Debtor's failure to file tax returns for those years forms the ultimate basis of the United States' priority claim for unpaid income taxes. See Claim No. 1-1.

For the foregoing reasons, this Court should deny confirmation of Debtor's Plan and, pursuant to 11 U.S.C. § 1307(e), order Debtor to show cause why his petition should not be dismissed for failure to comply with the filing requirements of § 1308(a).

//

//

//

//

//

//

//

DATE: March 9, 2017    Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

/s/*Joycelyn S. Peyton*
JOYCELYN S. PEYTON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Tel:  202-514-6576
Fax:  202-514-6866
Joycelyn.S.Peyton@usdoj.gov
*Counsel for the United States*

# **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the United States' Objection to Confirmation of Plan has been made on March 9, 2017 via the CM/ECF system, to the following recipients:

CHARLES M. MAYNARD
401 East Jefferson St.
Ste. 208
Rockville, MD 20850
*Counsel for Debtor*

NANCY SPENCER GRIGSBY
185 Admiral Cochrane Dr.
Ste. 240
Annapolis, MD 21401
*Trustee*

/s/ *Joycelyn S. Peyton*
JOYCELYN S. PEYTON
Trial Attorney, Tax Division
U.S. Department of Justice