IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE | * |
| | * |
| **WILLIAM HAYMORE BRAMMER, JR.** | *   Case No. 16-00642-SMT |
| | *   Chapter 13 |
| | * |
| Debtor(s), | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST AS TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES 2015-1 RESPONSE TO OBJECTION TO AMENDED CLAIM NUMBER 4

Now comes Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Trustee of the Residential Credit Opportunities Trust Series 2015-1 ("Wilmington"), by its attorneys, Mark D. Meyer and Rosenberg & Associates, LLC, and hereby responds to the Objection to Proof of Claim Number 4, and states as follows:

1.    WILMINGTON denies the allegations in paragraph 1 of the objection and further states that Wilmington filed a proof of claim on March 31, 2017.

2.    WILMINGTON denies the allegations in paragraph 2 of the objection. The amounts as stated in the proof of claim consist of missed payments, late charges, and attorney's fees associated with a post loan modification pre-petition default. While the debtor claims the payment balance should be $28,994.57, the payment balance as stated in the proof of claim is $29,074.57, with the balance of the claim being prepetition fees.

3.    WILMINGTON denies the allegations in paragraph 3 of the objection and further states that Debtor has not provided any proof of payments as evidence that the

1

amounts stated in the proof of claim our inaccurate.

    4.    WILMINGTON denies the allegations in paragraph 4 of the objection and further states that Debtor has not attached a loan modification, settlement agreements, or provided any additional evidence to support his allegation that the amounts included in the Proof of Claim are not owed to WILMINGTON; and as a result the Proof of Claim filed by WILMINGTON constitutes prima facie evidence of its validity and the amount owed and the presumption of validity has not been rebutted.  See Fed. R. Bankr. P. 3001(5)(f).  In *In re Hunt-Shannon*, 2006 Bankr. LEXIS 733, 2006 WL 1234963 (Bankr. D.D.C.2006) the court held that Rule 3001(f) establishes that a proof of claim, executed under the penalty of perjury, is the equivalent of an affidavit supporting a creditor's claim.  It therefore, requires that the Debtor proffer substantiating evidence when objecting to a creditor's proof of claim.  Accordingly, in this case, the debtor bears the burden of proof on the affirmative defense that amounts stated in the proof of claim have been paid.  As stated previously, the Debtor has failed to provide any proof of payments, affidavits attesting to proof of payments, or any other supporting documentation that Wilmington's proof of claim is not valid.

    WHEREFORE, WILMINGTON prays that the Court overrule the Objection to Proof of Claim Number 4 and for any other relief the Court deems necessary.

Respectfully Submitted,

ROSENBERG & ASSOCIATES, LLC

/s/ Mark D. Meyer
Mark D. Meyer, #475552
4340 East West Highway, Suite 600
Bethesda, MD 20814
(301) 907-8000

Certificate of Service

I hereby certify that on this 11th day of June, 2017, a copy of the foregoing Response was mailed by first class, postage pre-paid mail to those parties listed below who were not served electronically:

Nancy Spencer Grigsby, Trustee
185 Admiral Cochrane Drive, Suite 240
Annapolis, MD 21401P.O. Box 1001

Charles M. Maynard, Esq.
200-A Monroe Street, Suite Number 115
Rockville, MD 20850

/s/ Mark D. Meyer
Mark D. Meyer