The document below is hereby signed.

Signed: December 9, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WILLIAM HAYMORE BRAMMER, JR., | ) ) | Case No. 16-00642 (Chapter 13) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE
NOTICE OF DEFAULT UNDER TERMS OF CONSENT ORDER

The debtor opposed a *Notice of Default* filed by his mortgagee noting a default in making certain payments as required by a *Consent Order Modifying Automatic Stay* regarding the debtor's real property located at 107 7th Street, SE, Washington, D.C.  This sets forth the disposition of that opposition.

I

Under the terms of the *Consent Order*, the debtor was required by May 15, 2019, to pay the mortgagee $17,617.79 (representing the 2017 and 2018 real property taxes advanced by the mortgagee).  The *Consent Order* provided that upon the filing of a notice of default, and unless the default was cured within ten days thereafter, the stay of 11 U.S.C. § 362(a) would terminate to permit the mortgagee to resume the foreclosure of

its mortgage (a deed of trust) against the debtor's real property. On September 5, 2019, three months and 21 days after the May 15, 2019, deadline for paying the $17,617.79, the mortgagee filed a *Notice of Default* noting that the debtor had not paid the full $17,617.79 required. The debtor did not cure the default within ten days. Instead, on September 15, 2019, the debtor filed an opposition to the *Notice of Default*. The court set that opposition for hearing on October 24, 2019. Although the opposition stated that the mortgagee had improperly issued the *Notice of Default*, it was plain that the *Notice of Default* was proper. The debtor conceded that he paid only $4,000.00 of the $17,617.79 amount, a payment he made on May 14, 2019. At the hearing, he additionally acknowledged two regular postpetition monthly mortgage payments had not been paid and were still not paid. The mortgagee's delay in filing the *Notice of Default* does not constitute a waiver of its rights under the Consent Order. Under the terms of the *Consent Order*, the automatic stay terminated to permit the mortgagee to proceed with foreclosure effective as of September 16, 2019, after the debtor failed by September 15, 2019, to cure the default.

II

The debtor's opposition to the *Notice of Default* also noted financial difficulties that have arisen that made it difficult to comply with the *Consent Order*, but represented at the hearing

that by November 20, 2019, he would be able to cure the default. In light of those representations, the mortgagee agreed that if at some point on or before November 30, 2019, the debtor cured the substantial default under the *Consent Order* and remained current on monthly mortgage payments, it will no longer treat the automatic stay as inapplicable at that point in time.

III

Rule 60(b)(5) of the Federal Rules of Civil Procedure permits relief from continued enforcement of an order that "is no longer equitable." The debtor's opposition was not filed as a motion for relief from the *Consent Order*, and thus the mortgagee had no occasion to file an opposition to granting such relief even though the opposition included a request to allow a cure of the default over a period of one year. In any event, the debtor did not request the court to rule on that request once the mortgagee agreed that the stay would no longer be terminated if there was a cure by November 30, 2019.

IV

The debtor filed a motion on November 30, 2019, seeking to extend the November 30, 2019, deadline. This *Memorandum Decision and Order* does not dispose of that motion, which amounts to a motion to modify the *Consent Order* as modified (via further consent of the mortgagee) by this order.

However, I will remark in advance of deciding that motion on

the following. I have held in the past that a debtor's new financial difficulties could not be deemed an unforeseen circumstance warranting relief under Fed. R. Civ. P. 60(b)(5) from a consent order to cure defaults in making postpetition payments made under a mortgage. *See In re 1330 19th St. Corp.*, 101 B.R. 397, 398 (Bankr. D.D.C. 1989), applying *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932).

After I decided *1330 19th St. Corp.*, the Supreme Court receded in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992), from the requirement for Rule 60(b)(5) relief (set forth in *Swift*, 286 U.S. at 119) of "a clear showing of grievous wrong evoked by new and unforeseen conditions." As explained in *United States v. W. Elec. Co.*, 46 F.3d 1198, 1203-04 (D.C. Cir. 1995), (in addressing relief from consent orders imposing injunctive relief) under *Rufo*:

> a "party seeking modification of a consent decree may meet its initial burden by showing either a significant change in factual conditions or in law." *Id.* at 384, 112 S.Ct. at 760 (emphasis added). "Modification of a consent decree *may* be warranted when changed factual conditions make compliance with the decree substantially more onerous." *Id.* (emphasis added). "*Ordinarily*, however, modification should not be granted where a party relies upon events that actually were anticipated at the time it entered into a decree." *Id.* at 385, 112 S.Ct. at 761 (emphasis added). "*If it is clear* that a party anticipated changing conditions that would make performance of the decree more onerous but nevertheless agreed to the decree, that party would have to satisfy a *heavy burden* to convince a court that it agreed to the

4

>  decree in good faith, made a *reasonable* effort to comply with the decree, and should be relieved of the undertaking under Rule 60(b)." *Id.* at 385, 112 S.Ct. at 761 (emphasis added). "Once a moving party has met its burden of establishing either a change in fact or law warranting modification of a consent decree, the District Court should determine whether the proposed modification is *suitably tailored* to the changed circumstance." *Id.* at 391, 112 S.Ct. at 763 (emphasis added).

In applying *Rufo* to the debtor's motion, it will be important to note that these types of consent orders (or orders imposed by the court) allowing the debtor time to cure arrears stem from the backdrop of the debtor's right to move to modify the debtor's plan to provide for a cure of a default postpetition on a home mortgage under 11 U.S.C. § 1325(b)(5) (providing that a plan "may provide for the curing of any default within a reasonable time and maintenance of payments which the case is pending . . . ."). In addressing a motion for stay relief based on a default in mortgage payments, the court takes into account that potential right to modify the plan. Based on the existence of that right, and in lieu of requiring the debtor to move to modify the plan, the court may instead enter an order that the stay will be lifted unless a cure is made within what the court deems is a reasonable time. It is noteworthy that the debtor was already addressing substantial prepetition mortgage arrears under his confirmed

Chapter 13 plan[1] and was already the subject of an earlier consent order of May 3, 2017, requiring the debtor to remain current on postpetition mortgage payments as a condition to keeping the automatic stay in place.

IV

In light of the foregoing, it is

ORDERED that by reason of the *Notice of Default*, the automatic stay was no longer in effect as of September 16, 2019, with respect to the pursuit of foreclosure by the mortgagee, U.S. Bank Trust National Association as Trustee of Bungalow Series III Trust (SN Servicing Corporation, Servicer), and with respect to the successful foreclosure sale purchaser's proceeding with eviction proceedings.  It is further

ORDERED that if at some point on or before November 30, 2019, the debtor cured the default under the *Consent Order* and had remained current on postpetition monthly mortgage payments, the automatic stay became effective at that point in time any foreclosure efforts by the mortgagee, but if that did not occur (as appears to be the case), the *Notice of Default* remains effective pursuant to the terms of the *Consent Order*, thereby

---

[1] The plan provides for a cure of prepetition mortgage defaults set by a consent order at $41,290.23 (with the mortgagee agreeing with the debtor that $9,960.00 in pre-petition attorney's fees and costs would be removed from the pre-petition arrearage claim but would remain part of the mortgagee's total secured claim and remain part of the total balance owed on the loan secured by the mortgage).

6

resulting in the automatic stay continuing since September 16, 2019, not to bar the mortgagee's pursuing foreclosure and the successful foreclosure sale purchaser's proceeding with eviction.

[Signed and dated above.]

Copies to: E-recipients.